**Hripsime Sarkis BOGHOSSIAN,
Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney
General, Respondent.**

No. 05–70067.

United States Court of Appeals,
Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Hripsime Sarkis Boghossian, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jocelyn Lopez Wright, Song Park, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Hripsime Sarkis Boghossian, a native and citizen of Lebanon, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the decision of the IJ, we review for substantial evidence the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc).

The record does not compel the conclusion that Boghossian has shown either changed or extraordinary circumstances to excuse the untimely filing of her asylum application. *See Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir.2007) (per curiam); *see also* 8 C.F.R. § 208.4(a)(4), (a)(5). Accordingly, we deny the petition for review as to Boghossian's asylum claim.

Substantial evidence supports the IJ's finding that Boghossian did not satisfy the standard for withholding of removal. *See Faruk v. Ashcroft*, 378 F.3d 940, 944 (9th Cir.2004). Substantial evidence supports the IJ's denial of CAT relief because Boghossian did not establish that it is more likely than not that she will be tortured by the government or a group that the government has acquiesced to if she returned to Lebanon. *See Afridi v. Gonzales*, 442 F.3d 1212, 1221–22 (9th Cir.2006). Accordingly, we deny the petition for review as to Boghossian's withholding of removal and CAT claims.

We deny all pending motions.

**PETITION FOR REVIEW DENIED.**

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.